**RIKER DANZIG SCHERER HYLAND PERRETTI LLP**

ATTORNEYS AT LAW

Joseph L. Schwartz
Partner

Direct:
973.451.8506
jschwartz@riker.com
Reply to: Morristown

November 8, 2010

<u>Via Electronic Filing</u>

Hon. Kathryn C. Ferguson. U.S.B.J.
United States Bankruptcy Court
Clarkson S. Fischer US Courthouse
402 East State Street
Trenton, NJ 08608

Re:   Raritan Hospitality, LLC
      Case No. 10-42099 (KCF)

Dear Judge Ferguson:

Please accept this letter on behalf of Raritan Hospitality, LLC (the "<u>Debtor</u>"), in reply to the November 5, 2010 letter (the "<u>Sur-Reply</u>") submitted by Lifco Hotels, LLC ("<u>Lifco</u>") and in further support of the Debtor's motion to use cash collateral (the "<u>Cash Collateral Motion</u>").

In its Sur-Reply, Lifco fails to address the single most important issue before this Court, to wit, whether the Debtor's hotel room revenues are "rents" subject to real property law, or are "accounts" subject to the Uniform Commercial Code. As the Debtor set forth in detail in its October 31st reply (the "Reply"), resolution of this issue in Lifco's favor is a prerequisite for this Court to consider the bulk of Lifco's objection. It also requires the Court to adopt the flawed policy arguments advanced by Lifco, which never perfected its security interest in the Debtor's personalty, rather than follow the legal arguments put forth by the Debtor and adopted by the vast majority of courts that have addressed the issue.

Rather than address whether the Debtor's hotel room receipts are rents or accounts, Lifco instead attempts to convince this Court not to apply the binding legal precedent set forth by the New Jersey Supreme Court in <u>Metlife Capital Financial Corp. v. Washington Ave. Assocs., L.P.</u>, 159 N.J. 484, 503 (1999), where the Supreme Court -- whose opinion is controlling on this issue -- diverged from the interpretation of New Jersey law regarding absolute assignments of rents set forth in <u>In re Jason Realty, L.P.</u>, 59 F.3d 423 (3d Cir. 1995).

Headquarters Plaza, One Speedwell Avenue, Morristown, NJ 07962-1981 • t: 973.538.0800 f: 973.538.1984
50 West State Street, Suite 1010, Trenton, NJ 08608-1220 • t: 609.396.2121 f: 609.396.4578
500 Fifth Avenue, New York, NY 10110 • t: 212.302.6574 f: 212.302.6628
London Affiliate: 33 Cornhill, London EC3V 3ND, England • t: +44 (0) 20.7877.3270 f: +44 (0) 20.7877.3271
www.riker.com

Hon. Kathryn C. Ferguson. U.S.B.J.
November 8, 2010
Page 2


In Jason Realty, which was decided in 1995, the Third Circuit found that an absolute assignment transfers title to the assignee upon execution of the assignment, based upon New Jersey court opinions in New Jersey Nat'l Bank & Trust Co. v. Wolf, 108 N.J. Eq. 412 (N.J. Ch. 1931) and Paramount Bldg. & Loan Ass'n of City of Newark v. Sacks, 107 N.J. Eq. 328 (N.J. Ch. 1930). See Jason Realty, 59 F.3d at 427. In 1999, after Jason Realty was decided, the New Jersey Supreme Court, in apparent disagreement with Paramount Bldg. & Loan, New Jersey Nat'l Bank, and Jason Realty, stated unequivocally, that "[u]nder an absolute assignment of rents provision, title to the rents passes to the assignee upon default." Metlife Capital Financial Corp., 159 N.J. at 503. This determination represents the current state of New Jersey law on the topic.

Further, contrary to Lifco's misstatements in its Sur-Reply, there was no pre-petition default by the Debtor. While Lifco attempted to declare a default prior to the Petition Date, as was set forth in the Reply, Lifco's arguments were rejected by the State Court, which found that no default had occurred. Furthermore, as was set forth in the Reply, the Mortgage herein did not provide for the immediate divestiture of the Debtor's rights to collect rents upon default, but instead required affirmative action to be taken by Lifco to effectuate this divestiture, which action Lifco never successfully took. Consequently, even if the Mortgage contains an absolute assignment, which it does not, the Debtor's interest in the rents remained as of the Petition Date.

Finally, Lifco again suggests in its Sur-Reply that the Debtor's franchisor may not be supportive of the Debtor's reorganization efforts. Attached as Exhibit "A" is a letter from the Debtor's franchisor further reflecting its support for those efforts.

Based upon the foregoing, as well as the arguments previously advanced by the Debtor, the Debtor respectfully requests that the Court enter a Final Order granting the Cash Collateral Motion, in the form to be submitted to the Court by the Debtor.


Respectfully submitted,

*/s/ Joseph L. Schwartz*

Joseph L. Schwartz

Enclosure

cc:   (via e-mail)
      Jack M. Zackin, Esq.
      Valerie Hamilton, Esq.

4088033.1

# Exhibit A



InterContinental Hotels Group
Three Ravinia Drive
Suite 100
Atlanta, GA 30346-2149

www.ichhotelsgroup.com

Keith Biumi
Regional Vice President
Upscale Franchising & Development

Direct Tel: (770) 604-5079
Direct Fax: (770) 604-8816
keith.biumi@ichotelsgroup.com

November 7th 2010

Gulshan Chhabra
Raritan Hospitality, LLC
3050 Woodbridge Avenue
Edison East NJ 08837

Dear Gulshan,

I am in support of Raritan's reorganization efforts, and willing to work with Raritan and agree to extend the Holiday Inn franchise until March 31, 2011.

Thank you

Sincerely,

Keith Biumi
Regional Vice President Sales
Hotel Indigo and Crowne Plaza



Six Continents Hotels, Inc.
A Member of the InterContinental Hotels Group