**RIKER DANZIG SCHERER HYLAND PERRETTI** LLP

ATTORNEYS AT LAW

**Joseph L. Schwartz**
Partner

<u>Direct:</u>
973.451.8506
jschwartz@riker.com
Reply to: Morristown

November 10, 2010

<u>**Via Electronic Filing**</u>

Hon. Kathryn C. Ferguson. U.S.B.J.
United States Bankruptcy Court
Clarkson S. Fischer US Courthouse
402 East State Street
Trenton, NJ 08608

Re:   Raritan Hospitality, LLC
      Case No. 10-42099 (KCF)

Dear Judge Ferguson:

On behalf of Raritan Hospitality, LLC (the "<u>Debtor</u>"), please accept this letter in further support of our argument made to the Court earlier today at the final hearing on the Debtor's motion for use of cash collateral (the "<u>Cash Collateral Motion</u>"). In particular, we write in response to the argument raised by Lifco Hotels, LLC ("<u>Lifco</u>"), for the first time at the hearing, that parties to a pre-petition contract can contract away certain rights in connection with an assignment of interests in personalty despite state law requiring perfection under the Uniform Commercial Code ("UCC").

Lifco's argument that the parties can agree to absolutely assign an interest in personalty despite state law requiring perfection by filing a UCC financing statement may have some facial appeal. However, upon reflection, it becomes abundantly apparent that Lifco's argument makes no practical sense and is contrary to law, which is why Lifco has not provided the Court with any legal support for its position. It is the long standing practice in New Jersey and every other state that a lender that takes an interest in its borrower's property -- either a collateral interest or an absolute assignment -- has a duty to put subsequent lenders and purchasers on notice of this interest. For example, one who takes either a collateral or absolute assignment of rents must record that assignment with the appropriate agency so as to put subsequently purchases or lenders on notice. The same holds true for one who takes a collateral interest or assignment of personalty, which is governed by the UCC. Despite Lifco's arguments to the contrary, to the extent a party intends to

Headquarters Plaza, One Speedwell Avenue, Morristown, NJ 07962-1981 • t: 973.538.0800 f: 973.538.1984
50 West State Street, Suite 1010, Trenton, NJ 08608-1220 • t: 609.396.2121 f: 609.396.4578
500 Fifth Avenue, New York, NY 10110 • t: 212.302.6574 f: 212.302.6628
London Affiliate: 33 Cornhill, London EC3V 3ND, England • t: +44 (0) 20.7877.3270 f: +44 (0) 20.7877.3271
www.riker.com

Hon. Kathryn C. Ferguson. U.S.B.J.
November 10, 2010
Page 2

absolutely assign, and not collaterally assign, its interest in personalty, the assignment must be perfected under Article 9 of the UCC by the filing of a financing statement.  <u>Cherrier & King P'ship. v. Compton (In re King Fischer Fisheries, LLC)</u>, 2005 Bankr. LEXIS 3397 (B.A.P. 9th Cir. June 17, 2005) ("The assignment of accounts, whether absolute or for security, is governed by Article 9, which requires that such assignments be perfected by filing a UCC-1 statement.")

If Lifco's argument were accepted, the long-standing lending practice in New Jersey and elsewhere would be turned on its head.  This is true because future lenders against personalty or purchasers of personalty would be required to perform not only UCC searches but real estate recording agency searches, and then interpret whether assignments were absolute or conditional, assuming that the prior lender even recorded its assignment at all, because according to Lifco, no recording is even necessary.  This result is not only contrary to the long-standing widely accepted practice, but also runs afoul of the policies underlying both the real property recording statutes and the UCC.

As previously noted, Lifco could have easily perfected its interest in the Debtor's hotel room receipts and other personalty by filing a UCC-1 financing statement but negligently failed to do so.  Lifco now asks the Court to reward its carelessness, to the detriment of the Debtor and other creditors, and to establish a legal principal that would reward such negligence in the future, to the detriment of subsequent purchasers and lenders.

Based upon the foregoing, as well as the arguments previously advanced by the Debtor, the Debtor respectfully requests that the Court enter a Final Order granting the Cash Collateral Motion.

Respectfully submitted,

/s/ *Joseph L. Schwartz*

Joseph L. Schwartz

Enclosure

cc:    (via e-mail)
       Jack M. Zackin, Esq.
       Valerie Hamilton, Esq.

4088704.1