**RIKER DANZIG SCHERER HYLAND PERRETTI** LLP

ATTORNEYS AT LAW

Joseph L. Schwartz
Partner

<u>Direct:</u>
973.451.8506
jschwartz@riker.com
Reply to: Morristown

November 12, 2010

<u>**Via Electronic Filing**</u>

Hon. Kathryn C. Ferguson. U.S.B.J.
United States Bankruptcy Court
Clarkson S. Fischer US Courthouse
402 East State Street
Trenton, NJ 08608

    Re:    Raritan Hospitality, LLC
            Case No. 10-42099 (KCF)

Dear Judge Ferguson:

On behalf of Raritan Hospitality, LLC (the "<u>Debtor</u>"), please accept this letter in reply to Lifco Hotels, LLC's objection (the "<u>Objection</u>") to the Debtor's application to retain (the "<u>Retention Application</u>") Riker Danzig Scherer Hyland & Perretti, LLP ("Riker Danzig") as its bankruptcy counsel.

In its Objection, Lifco raises two (2) issues regarding the Retention Application in the final paragraphs of Lifco's objection to the Debtor's first day motions [see Docket No. 15].  First, Lifco asserts that the Debtor should not have paid a pre-petition retainer to Riker Danzig because that retainer was paid from the Debtor's revenues that were supposedly absolutely assigned to Lifco.  However, on November 10, 2010, the Court rendered an oral decision determining that, among other things, <u>In re Jason Realty, L.P.</u>, 59 F.3d 423 (3d Cir. 1995), does apply herein, and concluding that the Debtor was not divested of its interest in its rental revenues prior to the Petition Date.  As a result, to the extent the Debtor utilized its rental revenue to pay Riker Danzig the retainer, this was not improper and would not prevent the Debtor from retaining Riker Danzig as its bankruptcy counsel.

Further, Lifco asserts that the Retention Application does not disclose whether Riker Danzig received any transfers from the Debtor during the ninety (90) day period prior to the Petition Date that could potentially be deemed avoidable transfers.  Lifco argues that if such transfers occurred, Riker Danzig would not be "disinterested," as required under 11 U.S.C. § 327(a).

Headquarters Plaza, One Speedwell Avenue, Morristown, NJ 07962-1981  •  t: 973.538.0800 f: 973.538.1984
50 West State Street, Suite 1010, Trenton, NJ 08608-1220  •  t: 609.396.2121 f: 609.396.4578
500 Fifth Avenue, New York, NY 10110  •  t: 212.302.6574 f: 212.302.6628
London Affiliate: 33 Cornhill, London EC3V 3ND, England  •  t: +44 (0) 20.7877.3270 f: +44 (0) 20.7877.3271
www.riker.com

Hon. Kathryn C. Ferguson. U.S.B.J.
November 12, 2010
Page 2

Riker Danzig consulted with and provided advice to the Debtor regarding a potential bankruptcy filing during August, September and October 2010, culminating in the Debtor's bankruptcy filing on October 15, 2010. The August services were minimal and amounted to approximately $1,000 of legal time, while the balance of the legal services were provided to the Debtor during mid to late September through October 15, 2010. During this period, Riker Danzig's services included consulting with the Debtor, reviewing information and preparing the Debtor's bankruptcy petition, schedules and first day pleadings. On October 14, 2010, Riker Danzig issued a bill to the Debtor for these aforementioned legal services in the amount of $26,386.50. That same day, the Debtor paid Riker Danzig the sum of $50,000, to be used to pay Riker Danzig's $26,386.50 bill, with the balance to be used as a retainer. The Debtor submits that this payment to Riker Danzig was proper and is not an impediment to the Debtor's retention of Riker Danzig. If it were, no law firm could ever prepare a debtor for a Chapter 11 bankruptcy and represent the debtor during the case.

Importantly, the Debtor's payment of $26,386.50 to Riker Danzig (plus the balance of the $50,000 payment, which was intended to be the retainer) was the _only_ transfer made by the Debtor to Riker Danzig during the ninety (90) day period prior to the Petition Date.

As a result, the Debtor respectfully submits that Riker Danzig is disinterested and that Riker Danzig's Retention Application should be approved.

Respectfully submitted,

/s/ *Joseph L. Schwartz*

Joseph L. Schwartz

cc:    All parties requesting service via ECF

4089116.1